IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |  |
|---|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY, a foreign corporation doing business in the State of Idaho, | ) ) ) ) ) ) ) | |
| Plaintiff, | ) ) | Case No. CV 06-0488-S-MHW |
| v. | ) ) | **MEMORANDUM DECISION AND ORDER** |
| THE ESTATE OF STEPHEN BOUGHTON, THE STEPHEN AND CAROLYN BOUGHTON TRUST, and CAROLYN BOUGHTON, an individual, | ) ) ) ) ) | |
| Defendants. | ) ) | |

Currently pending is Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Docket No. 4), filed February 13, 2007. For the following reasons, this Motion will be denied.

**I.
Background**

Plaintiff American General Life Insurance Company ("American General") brought this action against Defendants the Estate of Stephen Boughton, the Stephen and Carolyn Boughton Trust, and Carolyn Boughton (collectively, "the Boughtons") on December 4, 2006. American

**Memorandum Decision and Order - Page 1**

General seeks a declaratory judgment pursuant to 28 U.S.C. § 2201.

In December 2004, American General issued a life insurance policy ("the policy") to Stephen Boughton in the amount of $500,000.00. The beneficiary of this policy was the Stephen and Carolyn Boughton Trust ("the Trust"). Prior to the issuance of the policy, Stephen Boughton completed an application and made several representations to American General regarding his medical history. The application also included a section in which Mr. Boughton provided his consent for American General to obtain information and/or medical records.

Mr. Boughton died on July 30, 2006 of acute myelogenous leukemia. On August 22, 2006, Mr. Boughton's wife, Carolyn Boughton, filed a claim for the proceeds of the life insurance policy. American General routinely investigates claims that occur within two years of the date of issuance of a life insurance policy and it alleges it requested Mrs. Boughton to provide it with an authorization to collect additional information concerning Mr. Boughton's death. American General alleges that Mrs. Boughton has a duty to cooperate in regards to the life insurance policy and has failed to do so as she has not provided any information nor submitted to an interview. American General alleges that Mr. Boughton *may* have made misrepresentations or omissions that were fraudulent or material to the acceptance of the risk by American General and recovery under the policy may be precluded.

American General filed this action on December 4, 2006 seeking to obtain Mr. Boughton's medical records and, to the extent necessary, to interview Carolyn Boughton concerning her husband's death. American General seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 that it is entitled to investigate the death of Mr. Boughton prior to paying his beneficiaries any amount potentially due under the policy.

**Memorandum Decision and Order - Page 2**

## II.
## Defendants' Motion to Dismiss

The Boughtons brought a Motion to Dismiss for Lack of Subject Matter Jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) on February 13, 2007. The Boughtons assert that they filed an action against American General in the District Court of the Fifth Judicial District of the State of Idaho, in and for the County of Blaine on January 17, 2007 seeking a declaratory judgment against American General. (Affidavit of Fritz X. Haemmerle, "Haemmerle Aff.," Docket No. 6, Ex. 1.) The declaratory relief sought in that case is an order that American General cannot require Mrs. Boughton (or agent or trustee) to give information sought by American General or submit to an investigation. The Boughtons maintain that they were not aware of the action before this Court until *after* they filed their action in state court and notified American General's counsel about the filing. American General has since removed that action to federal court. (*See Boughton v. American General Life Insurance Co.*, Case No. CV 07-065-S-LMB.)[1]

The Boughtons maintain that both these pending actions are for declaratory relief, do not involve any issues under federal law and neither action seeks monetary damages. The Boughtons assert that where another suit is pending in state court presenting the same issues, not governed by federal law, between the same parties, the federal court should exercise its discretion and not assert jurisdiction over the action. Instead, they maintain the entire suit should be heard in state court and this case should be dismissed. The Boughtons also submit the fact that the state court action has been removed to federal court by American General does not make their Motion to Dismiss moot, but rather if the declaratory judgment action is not properly before

---

[1] The Boughtons have not filed a motion to remand in that case nor any sort of motion to dismiss. The case was removed to federal court on February 12, 2007.

**Memorandum Decision and Order - Page 3**

this Court, the appropriate remedy is to remand the action to state court.

American General asserts that this Court does in fact have jurisdiction over this action. First, they maintain a case or controversy under Article III exists as there is a dispute between an insurer and its insureds over the duties imposed by an insurance contract. *See Gov't Emp. Ins. Co. v. Dizol*, 133 F.3d 1220, 1222 (9th Cir. 1998). Second, American General submits that diversity jurisdiction under 28 U.S.C. § 1332 exists because Mrs. Boughton is an Idaho resident and the estate of Mr. Boughton is being administered in Idaho and American General is a Texas corporation with its principal place of business in Houston, Texas. It also submits that the amount in controversy exceeds $75,000 as there is a $500,000 life insurance policy at issue.

American General maintains that as the state court action has been removed to this Court and eventually it will seek to consolidate these two cases, there are no threats of duplicative litigation with the same issues being tried in state and federal court. Additionally, it argues that the forum shopping will not be encouraged by allowing this Court to retain jurisdiction. As American General filed its lawsuit in this Court first and it was not in reaction to the Boughtons' state court lawsuit, it was not engaged in forum shopping and the Court retaining jurisdiction would not encourage such behavior.

**A.     Discussion**

The Boughtons have brought this motion under Rule 12(b)(1) to dismiss for lack of subject matter jurisdiction. However, Defendants are not arguing that this Court does not have subject matter jurisdiction over this case due to lack of diversity but rather, that the Court should exercise its discretion and decline jurisdiction pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*. *See Allstate Ins. Co. v. Hall*, 2006 WL 2519608 (D. Or. 2006).

The Declaratory Judgment Act provides: "In a case of actual controversy within its jurisdiction...any court of the United States...may declare the rights and other legal relations of any interested party seeking such declaration."  28 U.S.C. § 2201(a).  The exercise of jurisdiction under the Declaratory Judgment Act is at the discretion of the district court.  *Gov't Emp. Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 (9th Cir. 1998).  However, a district court cannot decline to entertain such action as a "matter of whim or personal disinclination."  *Huth v. Hartford Ins. Co. of the Midwest*, 298 F.3d 800, 803 (9th Cir. 2002).

The principal and most oft-cited case with regard to the Declaratory Judgment Act is *Brillhart v. Excess Ins. Co. of America*.  316 U.S. 491 (1942).  That case discusses the three main factors for whether a court should exercise its discretion and assert jurisdiction over a declaratory judgment action.  *Id*. at 494-96.  These have become known as the "*Brillhart* factors."  *Gov't Emp. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998).  These factors include: 1) avoiding needless determination of state law issues; 2) discouraging litigants from filing declaratory actions as a means of forum shopping; and 3) avoiding duplicative litigation.  *Id*.

The *Brillhart* factors are not exhaustive.  *Id*.  The Ninth Circuit has noted other factors that can be taken into consideration, including: whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a "res judicata" advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems.  *Id*. at 1225, n. 5.

**Memorandum Decision and Order - Page 5**

When a party requests declaratory relief in federal court and a suit is pending in state court presenting the same state law issues, there exists a presumption that entire suit should be heard in state court. *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1366-67 (9th Cir. 1991). However, the pendency of a state court action does not of itself require a district court to refuse to exercise its discretionary jurisdiction over the declaratory action in federal court. *Id.* at 1367.

First, it should be mentioned that there is no longer an action pending in state court, American General has removed that case to this Court. (*See Boughton v. American General Life Ins. Co.*, Case No. CV 07-065-LMB.) The Boughtons have not moved to remand that case to state court.

The first factor from *Brillhart*, which the United States Supreme Court stated to be the difficulty of federal courts ruling on complex state law issues is not of much concern here as there would not be a needless determination of state law nor do the Boughtons advance this argument in support of their Motion to Dismiss.

The second *Brillhart* factor is discouragement of forum shopping. This factor does not favor either party. It does not appear that American General was forum shopping by filing its action in federal court, nor was its filing in reaction to a state court action as this case was filed over a month before the state court action. However, the Ninth Circuit has noted that even the United States Supreme Court has "suggested that the order of filing is legally insignificant when it ruled in favor of a state action filed several weeks after a federal action." *Huth v. Hartford Ins. Co. of the Midwest*, 298 F.3d 800, 804 (9th Cir. 2002) (discussing *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995)). This factor does not sway the Court in either direction.

The third *Brillhart* factor is avoidance of duplicative litigation. As the *Brillhart* court

described it, "[g]ratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided."  *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 495 (1942).  There currently is duplicative litigation, this present case and the one before Judge Boyle, both presenting essentially the same issues and requesting the same type of relief.  However, this concern will be taken care of once these cases are consolidated.  Notably, as there is no longer any pending state court litigation, the *Brillhart* court's concern of "gratuitous interference . . . [with] state court litigation" is unfounded.

None of the *Brillhart* factors nor any other factors suggest that the Court should decline to exercise jurisdiction and the Court will not decline jurisdiction merely on a whim.  *See Huth v. Hartford Ins. Co. of the Midwest*, 298 F.3d 800, 803 (9th Cir. 2002).

## ORDER

Based on the foregoing, the Court being otherwise fully advised in the premises, **IT IS HEREBY ORDERED that:**

1)   Defendants' Motion to Dismiss (Docket No. 4), filed February 13, 2007, be DENIED.



DATED: June 12, 2007

_____
Honorable Mikel H. Williams
Chief United States Magistrate Judge